[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO AMEND COMPLAINT TO CONFORM TOEVIDENCE ADDUCED AT TRIAL (Filed 2/13/97)
This Application for Temporary Injunction and Order to Show Cause dated November 22, 1993 was filed in this court on November 22, 1993. Abode service on John T. Conroy was made at his residence on November 24, 1993 and on defendant Mack at his residence on November 23, 1993.
On November 29, 1993, Attorney Gallagher appeared for all defendants. On January 28, 1994, Attorney Gallagher entered a firm appearance and filed an answer.
On March 25, 1994, plaintiffs filed disclosure of expert witness who is expected to testify that:
 "(a) the center dividing wall of the common garage is located on the property of the defendant, John T. Conway." (105) Mr. Hendricks.
On June 2, 1994, defendants disclosed their expert witness and his expected survey and testimony (106) Mr. Anderson.
On June 7, 1994, plaintiffs disclosed another expert witness and his expected testimony (107) Mr. Eckstrom.
On June 7, 1994, plaintiffs filed an "amended disclosure of expert witness" and his expected testimony (108) Mr. Hendricks.
On June 17, 1994, defendant objected to the amended disclosure of an expert witness who had been deposed and questioned concerning a prior disclosure and deposition. Defendant contends that this is a purported attempt to change the opinion intended to be elicited on the trial. Defendant also objects to the amended disclosure identifying Mr. Eckstrom as an expert because this disclosure is out of time (109).
On July 5, 1996, defendant filed "Supplemental Disclosure of Expert". Conditionally identifying defendant Mack as an expert as there would be no need for Mr. Mack if the court precludes the opinion by Mr. Eckstrom as disclosed "out of time" (110) and precludes the testimony of Mr. Hendricks as he has been deposed regarding a prior disclosure (110). In view of the court's award of damages hereinafter stated Mr. Eckstrom's and Mr. Mack's evidence and testimony will not provide "evidential underpinning" in the conclusions reached. CT Page 4024
On February 13, 1997, plaintiffs filed this Motion to Amend Complaint to Conform to Evidence Adduced at trial."
The complaint was filed November 22, 1993 ordering the defendant to show cause why the prayer for injunction should not be granted. The Answer was filed on January 28, 1994 and it was claimed for the Trial List on February 2, 1994.
This motion for permission to amend adds new counts. It goes beyond remedying mispleadings, defects, mistakes or informalities in the pleadings. The original complaint on file fairly and precisely apprises the adverse party of the state of facts which it intended to prove i.e. (1) injunctions; (2) judgment quietly and setting title in plaintiffs; (3) damages; (4) Such other relief as may be just and equitable, including costs and recoverable attorney's fees in connection with the suit.
From November 1993 until February 13, 1997 exceeds four years. Defendant's objection to the motion for permission to amend the complaint after the trial is that the consequences of the plaintiff's failure to move for permission to amend the complaint despite having ample opportunity to do so for four years, should fall upon the plaintiff and not upon the defendant. This post trial tactic denied defendant Conroy the opportunity to prepare for and challenge the proposed new tort claim of trespass (count 1) and new claim of private nuisance (count 2).
Plaintiffs justify this motion for permission to amend because they filed disclosure of experts (P.B. 220D) that they claim disclose to defendants that they were seeking money damages and the nature and amount of those damages. This, they contend eliminates defendants' claim of surprise and prejudice.
Here, the plaintiffs knew of the factual claims four years prior to this post trial motion. The defendant had the right to rely on the pleadings in the complaint and have ample time to prepare an adequate defense. The defendants claims to have been mislead by the plaintiff and that this was unfair to defendants. Factors that should be considered included unreasonable delay, fairness to the opposing parties, are the negligence of the party offering the motion to amend. This tactic was unfair to defendant. This tactic was controlled by plaintiff.
The defendant had a right in preparing the case for trial to rely on the factual allegation in the pleadings rather than on CT Page 4025 factual allegation contained in a memorandum of law or in a series of disclosure responses which are not pleadings and long "out of time". P.B. 220d mandates disclosure of experts "a reasonable time prior to trial."
The proposed amendments of trespass and nuisance both sound in tort and are dated February 13, 1997. The original complaint is dated November 22, 1993. Section 52-577 mandates that tort cases be brought within three years form the date of the act or omissions complained of. These two new torts counts are barred by the statute of limitations. The second count of the original complaint alleges facts for a claim of right by Adverse Possession to a portion of defendant's premises and prays for "Judgment quietly and setting title to plaintiffs." (sic)
In the third count of the proposed amended complaint the plaintiffs abandon this prayer for relief by way of adverse possession and now seek a prayer for "judgment and settling title in plaintiffs".
No evidence supports either the claim for advance possession or the claim for quiet title. Proper procedure would require expert testimony, a survey and supporting evidence. Here again a post trial motion to amend the complaint to conform to the evidence, when this was no such evidence in the trial, cannot cure that lack of evidence.
The motion for permission to Amend the complaint as to the first count (trespass) and the second count (nuisance) are denied. The plaintiff cannot employ this tactic to avoid the statute of limitation. Such would be unfair to the defendant. Plaintiff cannot open new issues of law and fact at this late date to escape the statute of limitations and consequences of unfair trial tactics.
The motion for permission to amend the complaint as to the third count (quiet title) is also denied. Plaintiffs' merely allege "defendant claims estates or interests — adverse to the title of the plaintiffs". There is no clear and convincing evidence of exact boundary lines on which he predicates a judgment.
Plaintiffs pray for damages in the original complaint. Both Mr. Mack and the plaintiffs' builder agree that if no compliance with the building code is required, the cost of completing the CT Page 4026 garage as it now stands is $1,000.00.
Damages are awarded in the amount of $1,000.00 plus what ever sum is required to bring repairs to the structure up to code plus court costs. Each party to pay own attorney fees.
John N. Reynolds Judge Trial Referee